**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JACQUELINE HENRY, PATRICIA HILL, DEBORAH CHROMY, LINDA CABRERA, DOUGLAS SMITH, AMALYA BROSELL-CHRISTY, ARNETHA BARNES, KATHY MALDONADO, GALEN HEAD, and MCGARRICK POWELL, | ) ) ) ) ) ) | Case No. 3:20-cv-01533-S |
| | ) ) | Removed from the District Court of Dallas County, Texas, 95th Judicial District, Case No. DC-20-05353 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| C. R. BARD, INC., a New Jersey Corporation; BARD PERIPHERAL VASCULAR, INC., an Arizona Corporation; MCKESSON CORPORATION, a Corporation; and DOES 1 through 100 inclusive, | ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
MCKESSON CORPORATION**

Defendant McKesson Corporation ("McKesson Corp." or "Defendant") hereby answers the state court Original Petition ("Plaintiffs' Complaint"), of Plaintiff Jacqueline Henry, Plaintiff Patricia Hill, Plaintiff Deborah Chromy, Plaintiff Linda Cabrera, Plaintiff Douglas Smith, Plaintiff Amalya Brosell-Christy, Plaintiff Arnetha Barnes, Plaintiff Kathy Maldonado, Plaintiff Galen Head, and Plaintiff McGarrick Powell (collectively "Plaintiffs") as follows:

**INTRODUCTORY ALLEGATIONS**

1.      The allegations contained in Paragraph 1 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant does not object to a Level III discovery control plan.

2.      Paragraph 2 of Plaintiffs' Complaint contains no factual allegations directed towards Defendant, requiring no response.  To the extent a response is required, Defendant admits that Plaintiffs have brought this civil action for damages but denies that Plaintiffs have suffered any personal injuries caused by Defendant, denies that Defendant is liable to Plaintiffs, and denies that Plaintiffs are entitled to any damages from Defendant.  Defendant denies any remaining allegations contained in in Paragraph 2 of Plaintiffs' Complaint.

## PARTIES

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint and, therefore, denies those allegations.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint and, therefore, denies those allegations.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint and, therefore, denies those allegations.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint and, therefore, denies those allegations.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint and, therefore, denies those allegations.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint and, therefore, denies those allegations.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint and, therefore, denies those allegations.

10.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint and, therefore, denies those allegations.

11.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint and, therefore, denies those allegations.

12.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and, therefore, denies those allegations.

13.      The allegations contained in Paragraph 13 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint and, therefore, denies those allegations.

14.      The allegations contained in Paragraph 14 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 14 of Plaintiffs' Complaint and, therefore, denies those allegations.

15.    Defendant admits that McKesson Corp. is a Delaware corporation with its principal executive offices in Texas.

16.    Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint as stated.  Defendant specifically denies that McKesson Corp. had any involvement in the Reach program as alleged in Plaintiffs' Complaint, and specifically denies that McKesson Corp. marketed any Bard Filters as alleged in Plaintiffs' Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of Plaintiffs' Complaint and, therefore, denies those allegations.

17.    The allegations contained in Paragraph 17 of Plaintiffs' Complaint are purely definitional and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint and, therefore, denies those allegations.[1]

18.    The allegations contained in Paragraph 18 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Complaint and, therefore, denies those allegations.

19.    The allegations contained in Paragraph 19 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant

[1] Defendant McKesson Corp. is only answering on behalf of McKesson Corp. and does not by any response herein intend to provide a substantive answer with respect to any allegations directed to another defendant.

lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint and, therefore, denies those allegations.

20.    The allegations contained in Paragraph 20 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint and, therefore, denies those allegations.

## JURISDICTION AND VENUE

21.    Defendant admits that McKesson Corp. has engaged in business in Dallas County, Texas. To the extent the allegations contained in Paragraph 21 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.    Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.    The allegations regarding the venue of this action contained in Paragraph 23 of Plaintiffs' Complaint are conclusions of law, to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the venue of this action and, therefore, denies that allegation. Defendant admits that McKesson Corp.'s principal executive offices are in Texas.  Defendant denies any remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.    Regarding Paragraph 24 of Plaintiffs' Complaint, Defendant does not contest that, based on the allegations in the Plaintiffs' Complaint, which have not been, and could not have

been, verified by Defendant, the amount in controversy in this case exceeds the minimal jurisdictional limits of this Court. However, Defendant denies that Plaintiffs have suffered any personal injuries caused by Defendant, denies that Defendant is liable to Plaintiffs, and denies that Plaintiffs are entitled to any damages from Defendant. Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.    The allegations regarding subject matter jurisdiction contained in Paragraph 25 of Plaintiffs' Complaint are conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs have brought this civil action for damages but denies that Plaintiffs have suffered any personal injuries caused by Defendant, denies that Defendant is liable to Plaintiffs, and denies that Plaintiffs are entitled to any damages from Defendant. Defendants do not contest that, based on the allegations in the Plaintiffs' Complaint, which have not been, and could not have been, verified by Defendant, the amount in controversy in this case exceeds the minimal jurisdictional limits of this Court. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding jurisdiction in this Court and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.    The allegations regarding jurisdiction of this action contained in Paragraph 26 of Plaintiffs' Complaint are conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that McKesson Corp.'s principal executive offices are located in Texas. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of Plaintiffs' Complaint and, therefore, denies those allegations.

27.     The allegations regarding jurisdiction of this action contained in Paragraph 27 of Plaintiffs' Complaint are conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies that it committed any tort alleged by Plaintiffs.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of Plaintiffs' Complaint and, therefore, denies those allegations.

28.     Defendant denies that McKesson Corp. marketed, advertised, sold, or distributed any Bard Filters that are the subject of these Plaintiffs' claims. The allegations regarding jurisdiction of this action contained in Paragraph 28 of Plaintiffs' Complaint are conclusions of law, to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of Plaintiffs' Complaint and, therefore, denies those allegations.

29.     Defendant admits that McKesson Corp.'s principal executive offices are located in Irving, Texas.  To the extent the allegations contained in Paragraph 29 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiffs' Complaint and, therefore, denies those allegations.  Defendant denies any remaining allegations contained in Paragraph 29 of Plaintiffs' Complaint.

## GENERAL FACTUAL ALLEGATIONS

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint as directed to McKesson Corp.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the trade name of any inferior vena cava filter implanted in Plaintiffs and, on that basis, deny them.  Defendant admits that Plaintiffs have brought

this civil action for damages but denies that Plaintiffs have suffered any personal injuries caused by Defendant, denies that Defendant is liable to Plaintiffs, and denies that Plaintiffs are entitled to any damages from Defendant.  To the extent the allegations contained in Paragraph 30 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiffs' Complaint and, therefore, denies those allegations.  Defendant denies any remaining allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint as directed to McKesson Corp.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the trade name of any inferior vena cava filter implanted in Plaintiffs and, on that basis, deny them.  Defendant admits that Plaintiffs have brought this civil action for damages but denies that Plaintiffs have suffered any personal injuries caused by Defendant, denies that Defendant is liable to Plaintiffs, and denies that Plaintiffs are entitled to any damages from Defendant.  To the extent the allegations contained in Paragraph 31 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiffs' Complaint and, therefore, denies those allegations.  Defendant denies any remaining allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 32 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiffs' Complaint and, therefore,

denies those allegations.  Defendant denies any remaining allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint as directed to McKesson Corp., including all sub-parts thereof.  To the extent the allegations contained in Paragraph 33 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 33 of Plaintiffs' Complaint, including all sub-parts thereof.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiffs' Complaint and, therefore, denies those allegations.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiffs' Complaint and, therefore, denies those allegations.

36.     Defendant admits that the inferior vena cava is a large vein that receives blood from the lower regions of the body and delivers it to the right atrium of the heart. Defendant further admits that deep vein thrombosis and pulmonary emboli present dangerous risks to human health, including sometimes death. Defendant denies any remaining allegations of Paragraph 36 of Plaintiffs' Complaint.

37.     Defendant admits that certain people are at an increased risk for the development of deep vein thrombosis and pulmonary embolism, but lacks sufficient information to form a belief as to the truth of the allegations as stated regarding the various risk factors which may predispose

an individual to deep vein thrombosis or pulmonary emboli and, therefore, denies them. Defendant denies any remaining allegations of Paragraph 37 of the Complaint.

38.    Defendant admits that patients at a high risk for developing deep vein thrombosis and pulmonary embolism are frequently treated with anticoagulation therapy, including but not limited to the medications listed in Paragraph 38 of Plaintiffs' Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 38 of Plaintiffs' Complaint and, on that basis, deny those allegations.

39.    The allegations contained in Paragraph 39 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiffs' Complaint and, therefore, denies those allegations.

40.    The allegations contained in Paragraph 40 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiffs' Complaint and, therefore, denies those allegations.

41.    The allegations contained in Paragraph 41 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiffs' Complaint and, therefore, denies those allegations, including all sub-parts thereof.

42.    The allegations contained in Paragraph 42 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiffs' Complaint and, therefore, denies those allegations.

43.     The allegations contained in Paragraph 43 of Plaintiffs' Complaint regarding the 510(k) process are conclusions of law, to which no response is required. To the extent a response is required, Defendant denies those allegations. Further responding, the allegations contained in Paragraph 43 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiffs' Complaint and, therefore, denies those allegations.

44.     The allegations contained in Paragraph 44 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiffs' Complaint and, therefore, denies those allegations.

45.     The allegations contained in Paragraph 45 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiffs' Complaint and, therefore, denies those allegations.

46.     The allegations contained in Paragraph 46 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 46 of Plaintiffs' Complaint and, therefore, denies those allegations.

47.    The allegations contained in Paragraph 47 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiffs' Complaint and, therefore, denies those allegations.

48.    The allegations contained in Paragraph 48 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiffs' Complaint and, therefore, denies those allegations.

49.    The allegations contained in Paragraph 49 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiffs' Complaint and, therefore, denies those allegations.

50.    The allegations contained in Paragraph 50 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiffs' Complaint and, therefore, denies those allegations.

51.    The allegations contained in Paragraph 51 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiffs' Complaint and, therefore, denies those allegations.

52.     The allegations contained in Paragraph 52 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiffs' Complaint and, therefore, denies those allegations, including all sub-parts thereof.

53.     The allegations contained in Paragraph 53 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiffs' Complaint and, therefore, denies those allegations.

54.     The allegations contained in Paragraph 54 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiffs' Complaint and, therefore, denies those allegations.

55.     The allegations contained in Paragraph 55 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiffs' Complaint and, therefore, denies those allegations.

56.     The allegations contained in Paragraph 56 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiffs' Complaint and, therefore, denies those allegations, including all sub-parts thereof.

57.     The allegations contained in Paragraph 57 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiffs' Complaint and, therefore, denies those allegations.

58.     The allegations contained in Paragraph 58 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiffs' Complaint and, therefore, denies those allegations.

59.     The allegations contained in Paragraph 59 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiffs' Complaint and, therefore, denies those allegations.

60.     The allegations contained in Paragraph 60 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiffs' Complaint and, therefore, denies those allegations.

61.     The allegations contained in Paragraph 61 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 61 of Plaintiffs' Complaint and, therefore, denies those allegations.

62.     Defendant denies the allegations contained in Paragraph 62 of Plaintiffs' Complaint as directed to McKesson Corp., including all sub-parts thereof.  To the extent the allegations contained in Paragraph 62 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 62 of Plaintiffs' Complaint, including all sub-parts thereof.

63.     The allegations contained in Paragraph 63 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiffs' Complaint and, therefore, denies those allegations.

64.     The allegations contained in Paragraph 64 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiffs' Complaint and, therefore, denies those allegations.

65.     Defendant denies the allegations contained in Paragraph 65 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 65 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiffs' Complaint and, therefore,

denies those allegations. Defendant denies any remaining allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66.     The allegations contained in Paragraph 66 of Plaintiffs' Complaint regarding the 510(k) process are conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies those allegations.   The remaining allegations contained in Paragraph 66 are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant denies those allegations.

67.     The allegations contained in Paragraph 67 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant denies those allegations.

68.     The allegations contained in Paragraph 68 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiffs' Complaint and, therefore, denies those allegations.

69.     The allegations contained in Paragraph 69 of Plaintiffs' Complaint are conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies those allegations.  Further responding, the allegations contained in Paragraph 69 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiffs' Complaint and, therefore, denies those allegations.

70.     The allegations contained in Paragraph 70 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.   To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiffs' Complaint and, therefore, denies those allegations.

71.    The allegations contained in Paragraph 71 of Plaintiffs' Complaint are conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies those allegations as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 71 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.    The allegations contained in Paragraph 72 of Plaintiffs' Complaint are conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies those allegations as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 72 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.    The allegations contained in Paragraph 73 of Plaintiffs' Complaint are conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies those allegations as directed to McKesson Corp.  Further responding, to the extent the allegations contained in Paragraph 73 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73

of Plaintiffs' Complaint and, therefore, denies those allegations.  Defendant denies any remaining allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.    The allegations contained in Paragraph 74 of Plaintiffs' Complaint are conclusions of law, to which no response is required. To the extent a response is required, Defendant denies those allegations as directed to McKesson Corp. To the extent the allegations contained in Paragraph 74 of Plaintiffs' Complaint purport to quote or paraphrase a document, the document speaks for itself, and any characterization inconsistent with the document is denied. To the extent the allegations contained in Paragraph 74 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.    The allegations contained in Paragraph 75 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiffs' Complaint and, therefore, denies those allegations.

76.    The allegations contained in Paragraph 76 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiffs' Complaint and, therefore, denies those allegations.

77.    The allegations contained in Paragraph 77 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiffs' Complaint and, therefore, denies those allegations.

78.    The allegations contained in Paragraph 78 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.   To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiffs' Complaint and, therefore, denies those allegations, including all sub-parts thereof.

79.    Defendant denies the allegations contained in Paragraph 79 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 79 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80.    The allegations contained in Paragraph 80 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiffs' Complaint and, therefore, denies those allegations.

81.    The allegations contained in Paragraph 81 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.   To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiffs' Complaint and, therefore, denies those allegations.

82.    The allegations contained in Paragraph 82 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.   To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of Plaintiffs' Complaint and, therefore, denies those allegations.

83.    The allegations contained in Paragraph 83 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.   To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiffs' Complaint and, therefore, denies those allegations.

84.    Defendant denies the allegations contained in Paragraph 84 of Plaintiffs' Complaint as directed to McKesson Corp.   To the extent the allegations contained in Paragraph 84 of Plaintiffs' Complaint purport to quote or paraphrase a document, the document speaks for itself, and any characterization inconsistent with the document is denied. To the extent the allegations contained in Paragraph 84 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85.    The allegations contained in Paragraph 85 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.   To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiffs' Complaint and, therefore, denies those allegations. To the extent the allegations contained in Paragraph 85 of Plaintiffs' Complaint

purport to quote or paraphrase a document, the document speaks for itself, and any characterization inconsistent with the document is denied.

86.     The allegations contained in Paragraph 86 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiffs' Complaint and, therefore, denies those allegations. To the extent the allegations contained in Paragraph 86 of Plaintiffs' Complaint purport to quote or paraphrase a document, the document speaks for itself, and any characterization inconsistent with the document is denied.

87.     The allegations contained in Paragraph 87 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiffs' Complaint and, therefore, denies those allegations, including all sub-parts thereof.

88.     The allegations contained in Paragraph 88 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of Plaintiffs' Complaint and, therefore, denies those allegations.

89.     The allegations contained in Paragraph 89 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 89 of Plaintiffs' Complaint and, therefore, denies those allegations.

90.    The allegations contained in Paragraph 90 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiffs' Complaint and, therefore, denies those allegations.

## FRAUDULENT CONCEALMENT

91.    The allegations contained in Paragraph 91 of Plaintiffs' Complaint regarding the statute of limitations are conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies those allegations.  Defendant denies the allegations contained in Paragraph 91 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 91 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92.    The allegations contained in Paragraph 92 of Plaintiffs' Complaint regarding the statute of limitations are conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies those allegations.  Defendant denies the allegations contained in Paragraph 92 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 92 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 92 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93.     Defendant denies the allegations contained in Paragraph 93 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 93 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94.     The allegations contained in Paragraph 94 of Plaintiffs' Complaint regarding Defendants' legal duties are conclusions of law, to which no response is required. To the extent a response is required, Defendant denies those allegations.   Defendant denies the allegations contained in Paragraph 94 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 94 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 94 of Plaintiffs' Complaint.

## CORPORATE/VICARIOUS LIABILITY

95.     Defendant denies the allegations contained in Paragraph 95 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 95 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96.    Defendant denies the allegations contained in Paragraph 96 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 96 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97.    The final clause of Paragraph 97 is unclear and renders the preceding text unintelligible. Accordingly, Defendant denies the allegations contained in Paragraph 97 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 97 are otherwise directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 97 of Plaintiffs' Complaint.

98.    Defendant denies the allegations contained in Paragraph 98 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 98 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 98 of Plaintiffs' Complaint.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

99.    Defendant incorporates by reference its responses to Paragraphs 1-98 of Plaintiffs' Complaint as if fully set forth herein.

100.    The allegations contained in Paragraph 100 of Plaintiffs' Complaint are directed to other Defendants and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of Plaintiffs' Complaint and, therefore, denies those allegations.

101.    Defendant denies the allegations contained in Paragraph 101 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 101 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102.    The allegations contained in Paragraph 102 of Plaintiffs' Complaint regarding Defendants' legal duties are conclusions of law, to which no response is required. To the extent a response is required, Defendant denies those allegations.  Defendant denies the allegations contained in Paragraph 102 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 102 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 102 of Plaintiffs' Complaint.

103.    Defendant denies the allegations contained in Paragraph 103 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 103 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of Plaintiffs'

Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104.    Defendant denies the allegations contained in Paragraph 104 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 104 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 104 of Plaintiffs' Complaint, including all sub-parts thereof.

105.    Defendant denies the allegations contained in Paragraph 105 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 105 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 105 of Plaintiffs' Complaint, including all sub-parts thereof.

106.    Defendant denies the allegations contained in Paragraph 106 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 106 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 106 of Plaintiffs' Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 107 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient

to form a belief as to the truth of the allegations contained in Paragraph 107 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 107 of Plaintiffs' Complaint, including all sub-parts thereof.

108.    Defendant denies the allegations contained in Paragraph 108 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 108 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109.    Defendant denies the allegations contained in Paragraph 109 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 109 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 109 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION

## STRICT PRODUCT LIABILITY – INFORMATION DEFECT, FAILURE TO WARN

110.    Defendant incorporates by reference its responses to Paragraphs 1-109 of Plaintiffs' Complaint as if fully set forth herein.

111.    Defendant denies the allegations contained in Paragraph 111 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 111 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of Plaintiffs'

Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 111 of Plaintiffs' Complaint.

112.    Defendant denies the allegations contained in Paragraph 112 of Plaintiffs' Complaint as directed to McKesson Corp. To the extent the allegations contained in Paragraph 112 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 112 of Plaintiffs' Complaint.

113.    The allegations contained in Paragraph 113 of Plaintiffs' Complaint regarding Defendants' legal duties are conclusions of law, to which no response is required. To the extent a response is required, Defendant denies those allegations.  Defendant denies the allegations contained in Paragraph 113 of Plaintiffs' Complaint as directed to McKesson Corp.  Further responding, to the extent the allegations contained in Paragraph 113 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 113 of Plaintiffs' Complaint.

114.    Defendant denies the allegations contained in Paragraph 114 of Plaintiffs' Complaint as directed to McKesson Corp. To the extent the allegations contained in Paragraph 114 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 114 of Plaintiffs' Complaint.

115.    The allegations contained in Paragraph 115 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of Plaintiffs' Complaint and, therefore, denies those allegations. To the extent Paragraph 115 purports to cast liability either directly or indirectly upon Defendant, said Paragraph is expressly denied.

116.    The allegations contained in Paragraph 116 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of Plaintiffs' Complaint and, therefore, denies those allegations. To the extent Paragraph 116 purports to cast liability either directly or indirectly upon Defendant, said Paragraph is expressly denied.

117.    The allegations contained in Paragraph 117 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of Plaintiffs' Complaint and, therefore, denies those allegations. To the extent Paragraph 117 purports to cast liability either directly or indirectly upon Defendant, said Paragraph is expressly denied.

118.    The allegations contained in Paragraph 118 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of Plaintiffs' Complaint and, therefore, denies those allegations. To

the extent Paragraph 118 purports to cast liability either directly or indirectly upon Defendant, said Paragraph is expressly denied.

119.    Defendant denies the allegations contained in Paragraph 119 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 119 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 119 of Plaintiffs' Complaint.

120.    Defendant denies the allegations contained in Paragraph 120 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 120 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 120 of Plaintiffs' Complaint.

## THIRD CAUSE OF ACTION

## STRICT PRODUCT LIABILITY – DESIGN DEFECT

121.    Defendant incorporates by reference its responses to Paragraphs 1-120 of Plaintiffs' Complaint as if fully set forth herein.

122.    Defendant denies the allegations contained in Paragraph 122 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 122 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of Plaintiffs'

Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123.    Defendant denies the allegations contained in Paragraph 123 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 123 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 123 of Plaintiffs' Complaint.

124.    The allegations contained in Paragraph 124 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of Plaintiffs' Complaint and, therefore, denies those allegations. To the extent Paragraph 124 purports to cast liability either directly or indirectly upon Defendant, said Paragraph is expressly denied.

125.    The allegations contained in Paragraph 125 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of Plaintiffs' Complaint and, therefore, denies those allegations. To the extent Paragraph 125 purports to cast liability either directly or indirectly upon Defendant, said Paragraph is expressly denied.

126.    Defendant denies the allegations contained in Paragraph 126 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 126 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient

to form a belief as to the truth of the allegations contained in Paragraph 126 of Plaintiffs'
Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations
contained in Paragraph 126 of Plaintiffs' Complaint.

127.    The allegations contained in Paragraph 127 of Plaintiffs' Complaint are not directed
to Defendant and, therefore, require no response.  To the extent a response is required, Defendant
lacks knowledge or information sufficient to form a belief as to the truth of the allegations
contained in Paragraph 127 of Plaintiffs' Complaint and, therefore, denies those allegations. To
the extent Paragraph 127 purports to cast liability either directly or indirectly upon Defendant, said
Paragraph is expressly denied.

128.    The allegations contained in Paragraph 128 of Plaintiffs' Complaint are not directed
to Defendant and, therefore, require no response.  To the extent a response is required, Defendant
lacks knowledge or information sufficient to form a belief as to the truth of the allegations
contained in Paragraph 128 of Plaintiffs' Complaint and, therefore, denies those allegations. To
the extent Paragraph 128 purports to cast liability either directly or indirectly upon Defendant, said
Paragraph is expressly denied.

## FOURTH CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT

129.    Defendant incorporates by reference its responses to Paragraphs 1-128 of Plaintiffs'
Complaint as if fully set forth herein.

130.    Defendant denies the allegations contained in Paragraph 130 of Plaintiffs'
Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph
130 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient
to form a belief as to the truth of the allegations contained in Paragraph 130 of Plaintiffs'

Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 130 of Plaintiffs' Complaint.

131.    Defendant denies the allegations contained in Paragraph 131 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 131 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 131 of Plaintiffs' Complaint.

132.    The allegations contained in Paragraph 132 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of Plaintiffs' Complaint and, therefore, denies those allegations.  To the extent Paragraph 132 purports to cast liability either directly or indirectly upon Defendant, said Paragraph is expressly denied.

133.    Defendant denies the allegations contained in Paragraph 133 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 133 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 133 of Plaintiffs' Complaint.

134.    The allegations contained in Paragraph 134 of Plaintiffs' Complaint are not directed to Defendant and, therefore, require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 134 of Plaintiffs' Complaint and, therefore, denies those allegations. To

the extent Paragraph 134 purports to cast liability either directly or indirectly upon Defendant, said

Paragraph is expressly denied.

135.    The allegations contained in Paragraph 135 of Plaintiffs' Complaint are not directed

to Defendant and, therefore, require no response.  To the extent a response is required, Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 135 of Plaintiffs' Complaint and, therefore, denies those allegations.  To

the extent Paragraph 135 purports to cast liability either directly or indirectly upon Defendant, said

Paragraph is expressly denied.

## FIFTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

136.    Defendant incorporates by reference its responses to Paragraphs 1-135 of Plaintiffs'

Complaint as if fully set forth herein.

137.    Defendant denies the allegations contained in Paragraph 137 of Plaintiffs'

Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph

137 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient

to form a belief as to the truth of the allegations contained in Paragraph 137 of Plaintiffs'

Complaint and, therefore, denies those allegations.  Defendant denies any remaining allegations

contained in Paragraph 137 of Plaintiffs' Complaint, including all sub-parts thereof.

138.    Defendant denies the allegations contained in Paragraph 138 of Plaintiffs'

Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph

138 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient

to form a belief as to the truth of the allegations contained in Paragraph 138 of Plaintiffs'

Complaint and, therefore, denies those allegations.  Defendant denies any remaining allegations contained in Paragraph 138 of Plaintiffs' Complaint.

139.    Defendant denies the allegations contained in Paragraph 139 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 139 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 139 of Plaintiffs' Complaint.

140.    Defendant denies the allegations contained in Paragraph 140 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 140 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 140 of Plaintiffs' Complaint.

141.    Defendant denies the allegations contained in Paragraph 141 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 141 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 141 of Plaintiffs' Complaint.

142.    Defendant denies the allegations contained in Paragraph 142 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 142 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient

to form a belief as to the truth of the allegations contained in Paragraph 142 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 142 of Plaintiffs' Complaint.

143.    Defendant denies the allegations contained in Paragraph 143 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 143 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 143 of Plaintiffs' Complaint.

144.    Defendant denies the allegations contained in Paragraph 144 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 144 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 144 of Plaintiffs' Complaint.

145.    Defendant denies the allegations contained in Paragraph 145 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 145 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 145 of Plaintiffs' Complaint.

146.    Defendant denies the allegations contained in Paragraph 146 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph

146 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 146 of Plaintiffs' Complaint.

## **PUNITIVE DAMAGES ALLEGATIONS**

147.    Defendant incorporates by reference its responses to Paragraphs 1-146 of Plaintiffs' Complaint as if fully set forth herein.

148.    Defendant denies the allegations contained in Paragraph 148 of Plaintiffs' Complaint as directed to McKesson Corp. To the extent the allegations contained in Paragraph 148 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 148 of Plaintiffs' Complaint.

149.    Defendant denies the allegations contained in Paragraph 149 of Plaintiffs' Complaint as directed to McKesson Corp. To the extent the allegations contained in Paragraph 149 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 149 of Plaintiffs' Complaint, including all sub-parts thereof.

150.    Defendant denies the allegations contained in Paragraph 150 of Plaintiffs' Complaint as directed to McKesson Corp. To the extent the allegations contained in Paragraph 150 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of Plaintiffs'

Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 150 of Plaintiffs' Complaint.

151.    Defendant denies the allegations contained in Paragraph 151 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 151 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of Plaintiffs' Complaint and, therefore, denies those allegations.  Defendant denies any remaining allegations contained in Paragraph 151 of Plaintiffs' Complaint.

## DAMAGES

152.    Defendant incorporates by reference its responses to Paragraphs 1-151 of Plaintiffs' Complaint as if fully set forth herein.

153.    Defendant denies the allegations contained in Paragraph 153 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 153 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 153 of Plaintiffs' Complaint.

154.    Defendant denies the allegations contained in Paragraph 154 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 154 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 154 of Plaintiffs' Complaint.

155.    Defendant denies the allegations contained in Paragraph 155 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 155 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 155 of Plaintiffs' Complaint.

156.    Defendant denies the allegations contained in Paragraph 156 of Plaintiffs' Complaint as directed to McKesson Corp.  To the extent the allegations contained in Paragraph 156 are directed to other Defendants, McKesson Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 156 of Plaintiffs' Complaint.

### PRAYER FOR RELIEF

157.    Furthermore, responding to Paragraph 157 of Plaintiffs' Complaint, including sub-parts, following the heading "PRAYER FOR RELIEF" and beginning "WHEREFORE," Defendant denies that they are liable to Plaintiffs in any manner and deny each and every allegation contained in such Paragraph and all sub-parts thereof, separately and severally, to the extent said allegations imply any wrongdoing by Defendant.  Defendant further denies Plaintiffs are entitled to any of the relief requested in the "PRAYER FOR RELIEF" Paragraph 157, including all sub-parts thereof. Defendant further denies each and every allegation not specifically admitted herein.

### AFFIRMATIVE DEFENSES

Defendant asserts that Plaintiffs' claims are barred, in whole or in part, by the defenses set forth below.  By setting forth these defenses, Defendant does not assume the burden of proving

any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.

Moreover, nothing herein stated is intended or shall be construed as an acknowledgment that any

particular issue or subject matter is relevant to Plaintiffs' allegations. Defendant reserves the right

to plead any and all affirmative defenses that may become evident or appreciated after

investigation and discovery in this matter. Defendant alleges as affirmative defenses the

following:

1.    Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief

can be granted.

2.    The sole proximate cause of Plaintiffs' damages, if any were sustained, was the

negligence of a person or persons or entity for whose acts or omissions Defendant was and is in

no way liable.

3.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of

limitations and/or statute of repose.

4.    If Plaintiffs have been damaged, which Defendant denies, any recovery by

Plaintiffs is barred to the extent Plaintiffs voluntarily exposed himself or herself to a known risk

and/or failed to mitigate the alleged damages. To the extent Plaintiffs have failed to mitigate the

alleged damages, any recovery shall not include alleged damages that could have been avoided by

reasonable care and diligence.

5.    If Plaintiffs have been damaged, which Defendant denies, such damages were

caused by the negligence or fault of Plaintiffs.  McKesson Corp. therefore invokes the comparative

responsibility provisions of the Texas Civil Practice & Remedies Code § 33.001, et. seq.

6.    If Plaintiffs have been damaged, which Defendant denies, such damages were

caused by the negligence or fault of persons and/or entities for whose conduct Defendant is not

legally responsible.

7.      To the extent Plaintiffs allege Defendant was a distributor or seller of the relevant products or otherwise exercised possession, custody, or control of the products in question, the relevant products were neither defective nor unreasonably dangerous at the time they allegedly left Defendant's control.

8.      To the extent Plaintiffs allege Defendant was a distributor or seller of the relevant products or otherwise exercised possession, custody, or control of the products in question, the conduct of Defendant and the subject products were at all relevant times regulated by and subject to the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301, et seq., and other pertinent federal statutes and regulations.  Accordingly, Plaintiffs' claims are barred, in whole or in part, under the doctrine of federal preemption, and granting the relief requested would impermissibly infringe upon and conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

9.      Plaintiffs' claims are preempted by the applicable provisions of the Medical Devices Amendments, and their enacting regulations.

10.     The claims asserted in Plaintiffs' Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards, and regulations established, adopted, promulgated, or approved by any regulatory body with jurisdiction over the product, including but not limited to the United States, any state, and any agency thereof.

11.     If Plaintiffs have been damaged, which Defendant denies, such damages were caused by unforeseeable, independent, intervening, and/or superseding acts, wrongs, or events for which Defendant is not legally responsible.

12. There was no defect in the product at issue with the result that Plaintiffs are not entitled to recover against Defendant in this cause.

13. If there were any defect in the product – and Defendant denies that there were any defects – nevertheless, there was no causal connection between any alleged defect and the product on the one hand and any damage to Plaintiffs on the other with the result that Plaintiffs are not entitled to recover against Defendant in this case.

14. Plaintiffs' claims are barred because any alleged breach of duty, which Defendant denies, was not a proximate cause of the injuries and damages alleged in the Complaint.

15. Plaintiffs' injuries, losses or damages, if any, were caused by or contributed to by other persons or entities that are severally liable for all or part of Plaintiffs' alleged injuries, losses or damages. If Plaintiffs recover from Defendant, which liability is specifically denied, Defendant is entitled to contribution, set-off, and/or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to cause Plaintiffs' alleged damages and/or who may have released, settled with, entered into an accord and satisfaction, or otherwise compromised their claims.

16. Plaintiffs' claims are barred to the extent that the injuries alleged in the Complaint were caused by the abuse, misuse, abnormal use, or use of the product at issue in a manner not intended by Defendant and over which Defendant had no control.

17. To the extent Plaintiffs allege Defendant was ever in possession of the relevant product, Plaintiffs' claims are barred to the extent that the injuries alleged in the Complaint were caused by a substantial change in the product after leaving the possession, custody, and control of Defendant.

18. Defendant neither had nor breached any alleged duty to warn with respect to the

product, with the result that Plaintiffs are not entitled to recover in this cause.

19.     Plaintiffs' claims are barred by Defendant's dissemination of legally adequate warnings and instructions to learned intermediaries.

20.     At all relevant times, herein, Plaintiffs' physicians were in the position of sophisticated purchasers, fully knowledgeable and informed with respect to the risks and benefits of the subject product.

21.     If Plaintiffs have been damaged, which Defendant denies, the actions of persons or entities for whose conduct Defendant is not legally responsible and the independent knowledge of these persons or entities of the risks inherent in the use of the product and other independent causes, constitute an intervening and superseding cause of Plaintiffs' alleged damages.

22.     To the extent that injuries and damages sustained by Plaintiffs, as alleged in Plaintiffs' Complaint, were caused directly, solely, and proximately by sensitivities, medical conditions, and idiosyncrasies peculiar to Plaintiffs not found in the general public, they were unknown, unknowable, or not reasonably foreseeable to Defendant.

23.     Defendant believes, and upon that ground alleges, that Plaintiffs were advised of the risks associated with the matters alleged in Plaintiffs' Complaint and knowingly and voluntarily assumed them. Pursuant to the doctrine of assumption of the risk, informed consent, release, waiver, or comparative fault, this conduct bars in whole or in part the damages that Plaintiffs seek to recover herein.

24.     To the extent Plaintiffs allege Defendant was a distributor or seller of the relevant products or otherwise exercised possession, custody, or control of the products in question, at all relevant times during which Defendant allegedly distributed the relevant products, the products were reasonably safe and reasonably fit for its intended use, were not defective or unreasonably

dangerous, and were accompanied by proper warnings, information, and instructions, all pursuant to generally recognized prevailing industry standards and state-of-the-art in existence at the time.

25.     Plaintiffs' claims are barred because Plaintiffs suffered no injury or damages as a result of the alleged conduct and do not have any right, standing, or competency to maintain claims for damages or other relief.

26.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

27.     If Plaintiffs suffered any damages or injuries, which are denied, Defendant states that Plaintiffs' recovery is barred, in whole or in part, or subject to reduction, under the doctrines of contributory and/or comparative negligence.

28.     In the further alternative, and only in the event that it is determined that Plaintiffs are entitled to recover against Defendant, recovery should be reduced in proportion to the degree or percentage of negligence, fault or exposure to products attributable to Plaintiffs, any other defendants, third-party defendants, or other persons, including any party immune because bankruptcy renders them immune from further litigation, as well as any party, co-defendant, or non-parties with whom Plaintiffs have settled or may settle in the future.

29.     Should Defendant be held liable to Plaintiffs, which liability is specifically denied, Defendant would be entitled to a setoff for the total of all amounts paid to Plaintiffs from all collateral sources.

30.     Plaintiffs' claims may be barred, in whole or in part, from seeking recovery against Defendant pursuant to the doctrines of *res judicata*, collateral estoppel, release of claims, and the prohibition on double recovery for the same injury.

31.     The injuries and damages allegedly sustained by Plaintiffs may be due to the

operation of nature or idiosyncratic reaction(s) and/or pre-existing condition(s) in Plaintiffs over which Defendant had no control.

32.    The conduct of Defendant and all activities with respect to the subject product have been and are under the supervision of the Federal Food and Drug Administration ("FDA"). Accordingly, this action, including any claims for monetary and/or injunctive relief, is barred by the doctrine of primary jurisdiction and exhaustion of administrative remedies.

33.    Defendant asserts any and all defenses, claims, credits, offsets, or remedies provided by the Restatements (Second and Third) of Torts and reserve the right to amend its Answer to file such further pleadings as are necessary to preserve and assert such defenses, claims, credits, offsets, or remedies.

34.    To the extent Plaintiffs allege Defendant was a distributor or seller of the relevant products or otherwise exercised possession, custody, or control of the products in question, the products at issue complied with any applicable product safety statute or administrative regulation, and therefore Plaintiffs' defective design and warnings-based claims are barred under the Restatement (Third) of Torts: Products Liability § 4, et seq. and comments thereto.

35.    If Plaintiffs have been damaged, which Defendant denies, such damages were caused by unforeseeable misuse, abuse, abnormal use, user error, alterations, changes, and/or modifications of the product described in Plaintiffs' Complaint for which Defendant was and is in no way liable.

36.    Any alleged defects of the product and/or any alternative design claimed by Plaintiffs were not known to Defendant and, in light of the existing, reasonably-available scientific and technological knowledge, could not have been known by Defendant at the time the product at issue was designed, manufactured, and sold.

37.    Alternatively, and to the extent Plaintiffs allege Defendant was a distributor or seller of the relevant products or otherwise exercised possession, custody, or control of the products in question, Defendant pleads that the damages alleged, if any, were caused by an inherent characteristic of the products described in Plaintiffs' Complaint, which cannot be eliminated without substantially compromising their usefulness or desirability.

38.    Plaintiffs cannot show that any reasonable alternative design would have rendered the inferior vena cava filter as alleged in Plaintiffs' Complaint to be safer overall under the Restatement (Third) of Product Liability § 2, cmt. f, nor could Defendant have known of any alternative design that may be identified by Plaintiffs.

39.    The devices at issue were not sold by Defendant in a defective condition unreasonably dangerous to the user or consumer, and therefore Plaintiffs' claims are barred under the Restatement (Second) of Torts: Products Liability § 402A and comments thereto, and comparable provisions of the Restatement (Third) of Torts (Products Liability).

40.    To the extent Plaintiffs allege Defendant was a distributor or seller of the relevant products or otherwise exercised possession, custody, or control of the products in question, Defendant specifically pleads all affirmative defenses under the Uniform Commercial Code ("UCC") now existing or which may arise in the future, including those defenses provided by UCC §§ 2-607 and 2-709.

41.    Plaintiffs' alleged damages, if any, should be apportioned among all parties at fault, and any non-parties at fault, pursuant to the Uniform Contribution Among Tortfeasors Act.

42.    No act or omission of Defendant was malicious, willful, wanton, reckless, or grossly negligent, fraudulent, or oppressive, and, therefore, any award of punitive damages is barred.

43.    To the extent the claims asserted in Plaintiffs' Complaint are based on a theory providing for liability without proof of defect and proof of causation, the claims violate Defendant's rights under the Constitution of the United States and analogous provisions of the Texas Constitution.

44.    To the extent Plaintiffs' claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiff's Legal Committee*, 531 U.S. 341 (2001).

45.    Defendant is entitled to, and claim the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute that may be applicable.

46.    Regarding Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *BMW of N. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) and their progeny as well as other similar cases under both federal and state law.

47.    Plaintiffs' claims for punitive or exemplary damages violate, and are therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and similar provisions of the Texas Constitution, on grounds including the following:

(a) it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden

of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) the procedures to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) the procedures pursuant to which punitive damages are awarded permit the

imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(h) the award of punitive damages to the plaintiffs in this action would constitute a deprivation of property without due process of law; and

(i) the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

48.    This case may be subject to dismissal or transfer under the doctrine of forum non conveniens, lack of personal jurisdiction, improper venue, and/or 28 U.S.C. § 1404.

49.    This case may be subject to dismissal for lack of subject matter jurisdiction because McKesson Corp. is fraudulently joined.

50.    Plaintiffs' claims are improperly joined with the result that Plaintiffs are not entitled to recovery against Defendant in this cause.

51.    Defendant asserts as a defense Plaintiffs' and/or another unknown party's failure to preserve evidence and/or the spoliation of evidence, to the extent shown by further discovery.

52.    Plaintiffs' product liability causes of action against Defendant are barred because, to the extent Plaintiffs allege Defendant was a distributor or seller of the relevant products or otherwise exercised possession, custody, or control of the products in question, the benefits of the products outweighed their risks.

53.    Defendant is entitled to a presumption against liability, pursuant to Texas Civil Practice & Remedies Code § 82.008(a) and (c), for any injuries allegedly caused by the subject product's design, manufacture and marketing because the product met or exceeded all applicable industry custom/usage standards and/or legislative, administrative, and regulatory standards. Defendant would request the Court to instruct the jury regarding the effects of compliance with

49

mandatory federal governmental safety standards. Tex. Civ. Prac. & Rem. Code § 82.008(a), (c).

54.    Defendant pleads that only in the event that it is determined that Plaintiffs are entitled to recover against Defendant, then Defendant respectfully requests the Court enter a judgment for contribution among Defendants pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, or any other applicable statute or common law rule.

55.    Defendant asserts and reserves any and all defenses, claims, or remedies provided by the Texas Civil Practice and Remedies Code Chapter 82.

56.    Defendant specifically pleads all affirmative defenses under the Texas Business and Commerce Code now existing or which may arise in the future, including those defenses provided by Texas Business & Commerce Code §§ 2.607 and 2.709.

57.    Defendant invokes the provisions of §33.013 of the Texas Civil Practice & Remedies Code in the unlikely event that liability is established by Plaintiffs in this case.

58.    Regarding Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards under the Texas Constitution and/or Texas law including, but not limited to, Chapter 41 of the Texas Civil Practice and Remedies Code, as well as all defenses and statutory caps pursuant to §41.008.

59.    Defendant pleads under Chapter 41 of the Civil Practice & Remedies Code that Plaintiffs are unable to prove by clear and convincing evidence that the harm for which the claimant seeks recovery of exemplary damages resulted from fraud, malice or gross negligence. Further, in the alternative and without waiving any of the foregoing, Defendant pleads that Plaintiffs are unable to prove by clear and convincing evidence that the harm for which the Plaintiffs seek recovery of exemplary damages resulted from a willful act or omission or gross

neglect.

60.    Defendant reserves the right to assert and rely on all defenses available under the law of Texas, or any state other than Texas if the law of such other state is deemed applicable in this action.

61.    Defendant expressly reserves the right to raise as an affirmative defense that Plaintiffs have failed to join all parties necessary for a just adjudication of this action, should discovery reveal the existence of facts to support such defense.

62.    To the extent Plaintiffs' Complaint alleges misrepresentation or fraud, these allegations do not comply with the requisite of particularity under Federal Rule of Civil Procedure 9(b) or other applicable procedural rules and/or law.

63.    Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, labeling, and distribution.  Plaintiffs' state law claims are thus preempted in whole or in part such that they fail to state a cause of action upon which relief may be granted, because a distributor of medical devices is barred by federal law from changing FDA-approved labeling.

64.    With respect to each and every purported cause of action in Plaintiffs' Complaint, if Defendant provided any product alleged to have been defective, as alleged in the Complaint, McKesson Corp. alleges that the methods, standards, and techniques in the sale and distribution of the product(s) which are the subject matter of this action were and are in conformity with the generally recognized and accepted procedure(s) and the applicable state of the art.

65.    Plaintiffs' claims are barred in whole or in part by the learned intermediary doctrine.

66.    To the extent Plaintiffs allege McKesson Corp. was a distributor of the relevant products, McKesson Corp. owed Plaintiffs no duty because distributors of medical device products have no legal duty to warn patients.

67.    If Defendant provided any product alleged to have been defective, as alleged in the Complaint, Defendant supplied and/or distributed such product by and through other intermediaries, and/or other persons and entities, and did not package, repackage, or label the product in any way, and provided all warnings regarding the product to such intermediaries as they were received from the product manufacturer (and approved by the FDA) and/or other upstream suppliers without any additions, deletions, or alterations of any kind to the warnings.

68.    Defendant is not liable to Plaintiffs because McKesson Corp. never manufactured, sold, distributed, promoted, or administered any of the product(s) at issue to Plaintiffs, and there has been no showing that Plaintiffs were administered any product sold, distributed, or promoted by McKesson Corp.

69.    Plaintiffs' claims are barred in whole or in part, pursuant to Texas Civil Practice & Remedies Code § 82.001-82.008, because there is no evidence that McKesson Corp. was a "manufacturer" or "seller," as those terms are defined in § 82.001(2).

70.    If Plaintiffs could show that McKesson Corp. was a "seller," which Defendant denies, McKesson Corp. would be immune from liability as an "innocent non-manufacturing seller" because Plaintiffs have presented no evidence that McKesson Corp. engaged in any of the conduct that could subject it to liability under Tex. Civ. Prac. & Rem. Code. Ann. § 82.003.

71.    Defendant is entitled to indemnity from the manufacturer of any product made the subject of Plaintiffs' claims, including pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 82.002.

72.    Plaintiffs' claims are barred in whole or in part because Defendant owed no post-

sale duty to warn of product hazards arising after the sale.

73.    Plaintiffs' claims are barred in whole or in part because Plaintiffs cannot show that Plaintiffs detrimentally relied on any act, omission, statement, or representation of McKesson Corp., or which Plaintiffs attribute to McKesson Corp.

74.    Plaintiffs have made no showing whatsoever that Plaintiffs were exposed to any product manufactured, sold, or distributed by McKesson Corp.

75.    There is no conduct that Plaintiffs can ascribe to McKesson Corp. that would have rendered Plaintiffs' claimed injuries to be foreseeable by McKesson Corp.

76.    To the extent not itemized herein, McKesson Corp. hereby adopts and incorporates any and all affirmative defenses alleged in this action by its co-defendants.

77.    Defendant reserves the right to raise such other affirmative defenses as may be available or apparent during discovery or as may be raised or asserted by other defendants in this case.  Defendant has not knowingly or intentionally waived any applicable affirmative defense.  If it appears that any affirmative defense is or may be applicable after Defendant has had the opportunity to conduct reasonable discovery in this matter, Defendant will assert such affirmative defense in accordance with the Federal Rules of Civil Procedure.

## <u>REQUEST FOR JURY TRIAL</u>

Defendant McKesson Corporation demands a trial by jury on all issues appropriate for jury determination.

**WHEREFORE**, Defendant avers that Plaintiffs are not entitled to the relief demanded in the Plaintiffs' Complaint, and this Defendant, having fully answered, prays that this action against them be dismissed and that they be awarded their costs in defending this action and that it be granted such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 17th day of June, 2020.

/s/ Melissa Dorman Matthews
Melissa Dorman Matthews
Texas Bar No. 00790603
Jordan E. Jarreau
Texas Bar No. 24110049
**HARTLINE BARGER LLP**
8750 N. Central Expy., Suite 1600
Dallas, Texas 75231
(214) 369-2100 – Telephone
(214) 267-4271 – Direct Facsimile
mmatthews@hartlinebarger.com
jjarreau@hartlinebarger.com

**ATTORNEYS FOR DEFENDANT
MCKESSON CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of June, 2020, I served a true and correct copy of the foregoing via Electronic Service to ensure delivery to all known counsel of record.

/s/ Melissa Dorman Matthews
Melissa Dorman Matthews